UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-25621-RAR

**THE GALLEON GUILD LTD**,

    Plaintiff,

v.

**THE PARTNERSHIPS, UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"**,

    Defendants.
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court upon Plaintiff's Complaint, [ECF No. 1], filed on December 2, 2025, in which Plaintiff attempts to assert trademark infringement claims against various unnamed, unnumbered e-commerce stores, purported to be identified on "Schedule A."

Federal Rule of Civil Procedure 10(a) requires a complaint to "name all the parties." FED. R. CIV. P. 10(a). "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson,* 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted) (affirming district court's dismissal of John Doe defendant identified merely as "Unknown Legal Name, Guard, Charlotte Correctional Institute"); *Moulds v. Bullard*, 345 F. App'x 387, 390 (11th Cir. 2009) (affirming dismissal of "John Doe corrections officers" in *pro se* complaint where the plaintiff "completely failed to describe some of those officers" and "gave general descriptions of others, such as by indicating the duty stations to which they were assigned"); *Picado v. Reyes*, No. 1:23-cv-20912, 2023 WL 7279322, at *4 (S.D. Fla. Nov. 3, 2023) (applying *Richardson* and *Moulds* as to inadequately identified John Does). The Eleventh Circuit has "created a limited exception to

this rule when the plaintiff's description of the defendant is so specific as to be at the very worst, surplusage." *Richardson*, 598 F.3d at 738 (internal citation and quotation marks omitted).

Here, Plaintiff titled its Complaint as "*The Galleon Guild Ltd v. The Partnerships, Unincorporated Associations Identified on **Schedule A***," without naming any Defendant. Plaintiff purports to incorporate the names of the Defendants by reference. The Complaint states that Plaintiff "hereby brings the present action against the Partnerships and Unincorporated Associations Identified on **Schedule A** (collectively, "Defendants")," which is "attached hereto." [ECF No. 1] at 1, 4 (emphasis added). However, Plaintiff failed to attach Schedule A to the Complaint. Additionally, Plaintiff describes Defendants as "individuals and business entities of **unknown makeup** who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Plaintiff." *Id.* at 4 (emphasis added). This vague description is inadequate to remedy Plaintiff's failure to attach any schedule identifying Defendants to the Complaint. Thus, the Complaint is "insufficient," requiring dismissal. *See Richardson*, 598 F.3d at 738. Indeed, Courts have found this procedure of naming defendants by reference—even when executed without error—"does not satisfy Rule 10(a) or achieve its intended purpose," which includes "the public's legitimate interest in knowing which disputes involving which parties are before the federal courts[.]" *Derry Products, Inc. v. Individuals, Partnerships and Unincorporated Associations Identified on Schedule A*, No. 221CV02155FLASKX, 2021 WL 3932049, at *1 (C.D. Cal. Mar. 18, 2021) (internal citations and quotation marks omitted); *see also Belanger v. BNY Mellon Asset Mgmt., LLC*, 307 F.R.D. 55, 58 n.4 (D. Mass. 2015) (quoting *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996)).

Notably, this is not the first time that Plaintiff's counsel, Andrew Palmer, has attempted to circumvent Rule 10(a) of the Federal Rules of Civil Procedure. In another case brought before this Court, counsel failed to attach Schedule A to the complaint, and the Court dismissed the case for failure to comply with the Court's order that Schedule A be filed on the public docket by a certain date. *See Albion Brand Foundry Ltd. v. The Partnerships, Unincorporated Associations Identified on Schedule A*, No. 1:25-cv-24199-RAR, at ECF No. 14. Additionally, last month, Judge Leibowitz dismissed a nearly identical complaint, which also failed to attach Schedule A, for failure to comply with Federal Rule of Civil Procedure 10(a). *See Albion Brand Foundry Ltd. v. The Partnerships, Unincorporated Associations Identified on Schedule A*, No. 1:25-cv-25199-DSL, at ECF No. 4. Thus, the Court finds that Plaintiff's counsel is, and has been, on notice that this practice is in violation of the Federal Rules of Civil Procedure.

The Court reminds Plaintiff's counsel that court orders and the Federal Rules of Civil Procedure are not merely suggestions and non-compliance will result in the imposition of sanctions. Accordingly, the Court having reviewed the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that this case is **DISMISSED** *without prejudice*. Any pending motions are **DENIED AS MOOT** and any outstanding deadlines are **TERMINATED**. The Clerk is instructed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida this 3rd day of December, 2025.

_____
**RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE**